**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Philip Todd Berger<br>Jennifer Lynne Corsanico<br>Debtors | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee of Shorebreak NPL Trust<br>Moving Party<br>vs. | NO. 25-13411 DJB |
| Philip Todd Berger<br>Jennifer Lynne Corsanico<br>Debtors | 11 U.S.C. Section 362 |
| Kenneth E. West<br>Trustee | |

## CONSENT ORDER ON MOTION FOR RELIEF FROM STAY

1. The above-styled Motion having been scheduled for a hearing before the Court on September 10, 2026, upon Notice of Motion to each of the above-captioned parties in interest, and it appearing to the Court that the parties consent hereto:

2. IT IS HEREBY ORDERED that the Motion for Relief from Stay is settled, subject to the terms set forth therein and in the Amended Plan.

3. FURTHER ORDERED that as of August 19, 2026, the post-petition arrearage is as follows, pursuant to the terms of the Note, as set forth in the chart below:

| **Number of Missed Payments** | **From** | **To** | **Monthly Missed Principal & Interest** | **Monthly Missed Escrow (if applicable)** | **Monthly Payment Amount** | **Total of Monthly Payments Missed** |
|---|---|---|---|---|---|---|
| 6 | March 2026 | August 2026 | $1,157.14 | $1,649.83 | $2,806.97 | $16,841.82 |
| Less post-petition partial payments (suspense balance) | | | | | ($82.42) | |

**Total: $16,759.40**

4. This arrearage shall be paid as follows:

   a. Within seven (7) days of the filing of this Stipulation, Debtor is ordered to pay the total post-petition arrearage totaling a sum **$16,759.40** by amending the Bankruptcy plan.

5. Regular payments in the amount of **$2,806.97** to be paid on or before **September 2026** and any additional amount as required or allowed by the Note and Security Instrument. Payments should be sent to: Select Portfolio Servicing, Inc., Attn: Remittance Processing, P.O. Box

65450, Salt Lake City, UT 84165-0450.

6. FURTHER ORDERED that should Debtors default in payment of any sum specified herein, or in any regular monthly mortgage payments which come due according to Movant's Loan Documents, for the life of the bankruptcy then upon notice of default sent by first class mail to Debtors and attorney for Debtors, and failure of Debtors to cure such default within **fifteen (15)** days from the date of receipt of such notice, Movant may file a certification of default, with service upon Debtors, attorney for Debtors and the Trustee, and the Court may enter an Order releasing Movant from the automatic stay, without further notice or hearing.

7. FURTHER ORDERED that in the event relief from the automatic stay is later granted, the Trustee shall cease funding any balance of Movant's claim, and the provisions of Fed. R. Bank. P. 4001(a)(4) may be waived.

8. FURTHER ORDERED that upon completion of any foreclosure sale, any funds in excess of the amount due to Movant and to any subordinate lienholder(s) properly entitled to receive proceeds under applicable State Law that would otherwise be payable to the Debtors, shall be paid to the Trustee by the entity receiving the funds from the foreclosure sale for the benefit of the Estate while the Debtors remain in bankruptcy.

CONSENTED TO BY:

Date: August 26, 2026

/s/ Maggie Soboleski
Maggie Soboleski, Esq.
Attorney for Movant

Date: October 1, 2026

/s/ Michael A. Cibik
Michael A. Cibik
Attorney for Debtors

Date: October 8, 2026

No Objection - Without Prejudice to Any Trustee Rights or Remedies
/s/ LeeAne O. Huggins
Kenneth E. West
Chapter 13 Trustee

Approved by the Court this _____ day of _____________________, 2026. However, the Court retains discretion regarding entry of any further order.

__________________________________
Bankruptcy Judge
Derek J. Baker