United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Jennifer Lynne Corsanico
Philip Todd Berger
Debtors

Case No. 25-13411-djb
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2 User: admin Page 1 of 2
Date Rcvd: Oct 29, 2026 Form ID: pdf900 Total Noticed: 1

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 30, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db/jdb | Jennifer Lynne Corsanico, Philip Todd Berger, 8115 Brookside Rd, Elkins Park, PA 19027-2401 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 30, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 14, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| JORDAN MATTHEW KATZ | on behalf of Creditor Wilmington Savings Fund Society FSB, not in its individual capacity but solely as Trustee of Shorebreak NPL Trust jkatz@raslg.com |
| JORDAN MATTHEW KATZ | on behalf of Creditor CSMC 2021-RPL9 Trust jkatz@raslg.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com philaecf@gmail.com |
| MAGGIE S SOBOLESKI | on behalf of Creditor Wilmington Savings Fund Society FSB, not in its individual capacity but solely as Trustee of Shorebreak NPL Trust msoboleski@kmllawgroup.com, 3532@notices.nextchapterbk.com |
| MATTHEW K. FISSEL | on behalf of Creditor CSMC 2021-RPL9 Trust bkgroup@kmllawgroup.com |
| MICHAEL A. CIBIK | on behalf of Joint Debtor Philip Todd Berger help@cibiklaw.com noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com |

| | |
|---|---|
| MICHAEL A. CIBIK | on behalf of Debtor Jennifer Lynne Corsanico help@cibiklaw.com noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 8

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Philip Todd Berger<br>Jennifer Lynne Corsanico<br>Debtors | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee of Shorebreak NPL Trust<br>Moving Party<br>vs. | NO. 25-13411 DJB |
| Philip Todd Berger<br>Jennifer Lynne Corsanico<br>Debtors | 11 U.S.C. Section 362 |
| Kenneth E. West<br>Trustee | |

**CONSENT ORDER ON MOTION FOR RELIEF FROM STAY**

1. The above-styled Motion having been scheduled for a hearing before the Court on September 10, 2026, upon Notice of Motion to each of the above-captioned parties in interest, and it appearing to the Court that the parties consent hereto:
2. IT IS HEREBY ORDERED that the Motion for Relief from Stay is settled, subject to the terms set forth therein and in the Amended Plan.
3. FURTHER ORDERED that as of August 19, 2026, the post-petition arrearage is as follows, pursuant to the terms of the Note, as set forth in the chart below:

| Number of Missed Payments | From | To | Monthly Missed Principal & Interest | Monthly Missed Escrow (if applicable) | Monthly Payment Amount | Total of Monthly Payments Missed |
|---|---|---|---|---|---|---|
| 6 | March 2026 | August 2026 | $1,157.14 | $1,649.83 | $2,806.97 | $16,841.82 |
| Less post-petition partial payments (suspense balance) | | | | | ($82.42) | |

**Total: $16,759.40**

4. This arrearage shall be paid as follows:
   a. Within seven (7) days of the filing of this Stipulation, Debtor is ordered to pay the total post-petition arrearage totaling a sum **$16,759.40** by amending the Bankruptcy plan.
5. Regular payments in the amount of **$2,806.97** to be paid on or before **September 2026** and any additional amount as required or allowed by the Note and Security Instrument. Payments should be sent to: Select Portfolio Servicing, Inc., Attn: Remittance Processing, P.O. Box

65450, Salt Lake City, UT 84165-0450.

6. FURTHER ORDERED that should Debtors default in payment of any sum specified herein, or in any regular monthly mortgage payments which come due according to Movant's Loan Documents, for the life of the bankruptcy then upon notice of default sent by first class mail to Debtors and attorney for Debtors, and failure of Debtors to cure such default within **fifteen (15)** days from the date of receipt of such notice, Movant may file a certification of default, with service upon Debtors, attorney for Debtors and the Trustee, and the Court may enter an Order releasing Movant from the automatic stay, without further notice or hearing.
7. FURTHER ORDERED that in the event relief from the automatic stay is later granted, the Trustee shall cease funding any balance of Movant's claim, and the provisions of Fed. R. Bank. P. 4001(a)(4) may be waived.
8. FURTHER ORDERED that upon completion of any foreclosure sale, any funds in excess of the amount due to Movant and to any subordinate lienholder(s) properly entitled to receive proceeds under applicable State Law that would otherwise be payable to the Debtors, shall be paid to the Trustee by the entity receiving the funds from the foreclosure sale for the benefit of the Estate while the Debtors remain in bankruptcy.

CONSENTED TO BY:

Date: August 26, 2026

/s/ Maggie Soboleski
Maggie Soboleski, Esq.
Attorney for Movant

Date: October 1, 2026

/s/ Michael A. Cibik
Michael A. Cibik
Attorney for Debtors

Date: October 8, 2026

No Objection - Without Prejudice to Any Trustee Rights or Remedies
/s/ LeeAne O. Huggins
Kenneth E. West
Chapter 13 Trustee

Approved by the Court this _____ day of ______________________, 2026. However, the Court retains discretion regarding entry of any further order.

____________________________________
Bankruptcy Judge
Derek J. Baker

**Date: October 14, 2026**